**Alexander Grigorievich IGNATIEV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71470.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2004.

Decided Aug. 12, 2004.

Michael R. Stahl, Esq., Law Offices of Michael R. Stahl, P.C., Anchorage, AK, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, AKA–District Counsel, Immigration & Naturalization Service, Anchorage, AK, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Terri J. Scadron, Esq., Anthony W. Norwood, Esq., Department of Justice, Washington, DC, for Defendant.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM *

Petitioner Alexander Ignatiev, a native and citizen of Russia, appeals the Board of Immigration Appeals' ("BIA") summary dismissal of his untimely motion to reopen deportation proceedings, which was filed well beyond the 90–day statutory limit. The panel has jurisdiction over the appeal from the final order of the BIA pursuant to 8 U.S.C. § 1252. We affirm the decision of the BIA, and we deny Ignatiev's petition for review.

Ignatiev argues that the BIA erred in refusing to equitably toll, due to the ineffectiveness of his counsel, the 90–day statute of limitations for filing a motion to reopen. Even timely motions to reopen are generally "disfavored." *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The 90–day limitation

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

period for filing a timely motion to reopen may be tolled "in situations where, 'despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim.'" *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (citations omitted). The denial of a motion to reopen by the BIA is reviewed for abuse of discretion. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003).

We find that the BIA did not abuse its discretion by denying Ignatiev's untimely motion to reopen. Ignatiev missed the 90–day deadline by more than seven months. Even if Ignatiev had complied with the procedural requirements of *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), thus availing himself of the possibility of equitable tolling based on ineffective assistance of counsel, the BIA did not abuse its discretion in rejecting equitable tolling since Ignatiev failed to present a claim sufficiently meritorious to demonstrate prejudice. *Iturribarria*, 321 F.3d at 901. Nor did Ignatiev demonstrate such a substantial change in country conditions that he would be absolved of complying with the statute of limitations for filing his motion to reopen. 8 U.S.C. § 1229a(c)(6)(C)(ii).

**PETITION DENIED.**